Mathews, J.

delivered the opinion of the court. This is suit on a promissory note, brought by the appellees, as endorsees.

It appears from the evidence in the case, that the *193 note was made payable to a commercial house, the business of which has been conducted under the firm of M'Micken and Ficklin—that it was endorsed by M'Micken to the plaintiffs and appellees, for a valuable consideration, after the dissolution of his partnership with Ficklin.
According to the law of partnership, it seems to be a settled doctrine, that, after the dissolution of a firm, none of the former partners can transfer, by his endorsement, the negotiable paper which belongs to the partnership, unless under an express authority, given him by the persons jointly concerned with him.
In the present case, it is contended, that such authority was vested in the defendant and appellant, by one of the articles of agreement for the dissolution of the partnership.
Authority is there given him to collect all debts due to the firm and to pay such as might be due from it. For this purpose he is put in possession of all the books, notes, &c. of the firm, with power to exchange notes and accounts in the adjustment and settlement of the concerns of the partnership.
Here, it is true, is a power given to transfer or exchange notes, but it is limited to a spe *194 cific purpose, viz. the final settlement of the partnership affairs; and an endorsement or transfer, made for any other purpose, not being in pursuance of the power vested, is void. It is shewn by a contract between the parties to the present suit (found in the evidence in the cause) that, so far from the note in question having been endorsed or exchanged, in settling the affairs of the late firm, it was given in payment of property purchased by the defendant, for his sole and individual benefit. The transfer was made without authority in the endorser, and ought not to be subjected to the ordinary rules, relating to the demand of payment from the makers of notes and notice to endorsers.
By such an endorsement, the plaintiffs did not acquire a right to pursue the maker for the recovery of the amount of the note in their own names; but, as the endorser received from them its full value, we are of opinion, that he is bound to pay to them the sum therein specified, as on an original contract.
This view of the case, prevents the necessity of an inquiry into the sufficiency of the notice alleged and attempted to be proven by the appellee.
Turner for the plaintiffs, Livermore for the defendant.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.*

 Porter, J. did not join in this opinion, the case having been argued before he took his seat.